[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 209.]

[THE STATE EX REL.] JUSTICE, APPELLANT, *v.* HURLEY; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Justice v. Hurley*, 1997-Ohio-399.]

*Workers' compensation—Mandamus directing Industrial Commission to vacate its order denying relator permanent total disability compensation denied, when.*

(No. 96-1828—Submitted January 7, 1997—Decided July 16, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 95ADP07-918.

———————————

*Eunice Justice, pro se.*

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellees.

———————————

{¶ 1} The judgment is affirmed for the reasons stated by the court of appeals in its opinion rendered on June 20, 1996, which we adopt and attach as an appendix to this entry.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., not participating.

———————————

APPENDIX

JOHN C. YOUNG, Judge.

{¶ 2} Relator, Eunice Justice, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying relator permanent total disability

compensation, and to award relator such compensation in accordance with the evidence of record.

{¶ 3} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Section 13, Loc.R. 11 of the Tenth District Court of Appeals. The magistrate has issued a decision, including findings of fact and conclusions of law, and has recommended that this court deny relator's request for a writ of mandamus. Relator has filed objections to the magistrate's decision.

{¶ 4} Upon an examination of the decision of the magistrate, an independent review of the file, and consideration of relator's objections, this court finds that the magistrate has properly determined the pertinent facts and has applied the salient law to them. Accordingly, this court agrees with the magistrate's decision, including findings of fact and conclusions of law contained therein, and relator's objections are overruled.

{¶ 5} The record in the present case contains both medical and psychological reports which support the commission's finding that relator is not entitled to permanent and total disability compensation. Dr. Vaughan indicated that claimant's allowed orthopedic conditions would not prevent her from returning to her former position of employment within certain guidelines. Dr. Bartley found that claimant exaggerated her responses to the testing and that his physical findings indicated that claimant could currently work at her previous job as a store manager. Dr. Altman found that claimant would not be fit for any type of employment, but this finding was not due to the allowed psychiatric conditions in the claim.

{¶ 6} Given the commission's finding that relator was medically able to return to her former position of employment, it was unnecessary for the commission to evaluate the nonmedical factors because any inability to work is not causally related to the allowed conditions. *State ex rel. Speelman v. Indus. Comm.* (1992), 73 Ohio App.3d 757, 762, 598 N.E.2d 192, 195. The commission discussed these factors anyway, and the order indicates that the claimant is at the advanced age of

seventy, but that her extensive educational background would be a valuable asset in a successful retraining program and that her varied work history shows that she has significant transferable sedentary work skills. The commission concluded by finding that relator was not permanently removed from all forms of sustained remunerative employment, even of a sedentary nature, and that she was not entitled to permanent total disability.

{¶ 7} In her objections, relator raises many of the same issues which she raised in her original petition and which were discussed by the magistrate. Relator urges this court to look at the combined-effects review prepared by Dr. Holbrook as evidence that the commission should have found that she was permanently and totally disabled. Dr. Holbrook concluded that relator had a whole person impairment of sixty percent; however, relator's argument ignores the fact that, although the report of Dr. Holbrook was reviewed and evaluated by the commission, the commission did not base its order on that report nor was the commission required to do so. Our inquiry on review is whether or not the record contains some evidence to support the commission's finding and not whether or not all of the evidence in the record supports the commission's findings.

{¶ 8} Based on the foregoing, this court adopts the decision of the magistrate as its own, and the objections raised by relator are overruled. This court finds that relator has not demonstrated a clear legal right to permanent total disability compensation or a clear legal right to a further explanation by the commission, as the evidence in this case and the reasoning given for the decision meet all the requirements of applicable law. Therefore, relator's request for a writ of mandamus is denied.

*Objections overruled and*
*writ of mandamus denied.*

PETREE, P.J., and CLOSE, J., concur.

————————————